IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE TEMPS, INC. d/b/a SMITH PERSONNEL SOLUTIONS<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 3-08CV1552-D<br>§<br>§<br>§  COMPLAINT AND<br>§  JURY TRIAL DEMAND<br>§<br>§<br>§ |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jacquelyn D. Moncada who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, discriminated against Jacquelyn D. Moncada in violation of the Americans with Disabilities Act by failing or refusing to hire her because she is deaf.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

**COMPLAINT**                                                                                           1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, has continuously been doing business in the State of Texas and the City of Dallas, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jacquelyn D. Moncada filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Jacquelyn D. Moncada has been and is a qualified person with a disability and is covered by Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.*

9.  Since at least June 29, 2006, Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, engaged in an unlawful employment practice at its Dallas, Texas facility, in violation of Title I of the ADA, 42 U.S.C. §§ 12101 *et seq.* The unlawful practice was to discriminate against Jacquelyn D. Moncada by failing or refusing to hire her because of her disability, deafness, in violation of 42 U.S.C. § 12112(a).

10. The effect of the practice complained of in paragraph 9 above has been to deprive Jacquelyn D. Moncada of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment because of her disability.

11. The unlawful employment practice complained of in paragraph 9 above was intentional.

12. The unlawful employment practice complained of in paragraph 9 above was done with malice or with reckless indifference to the federally protected rights of Jacquelyn D. Moncada.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to hire qualified employees because of their disability; and (2) engaging in any other employment practice which discriminates on the basis of disability;

B.  Order Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, to institute and carry out policies, practices, and programs which provide equal employment

**COMPLAINT**  3

opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, to make whole Jacquelyn D. Moncada, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Jacquelyn D. Moncada, or front pay in lieu thereof;

D. Order Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, to make whole Jacquelyn D. Moncada, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 9 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E. Order Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, to make whole Jacquelyn D. Moncada, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in paragraph 9 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant, Service Temps, Inc. d/b/a Smith Personnel Solutions, to pay Jacquelyn D. Moncada punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT CANINO
Regional Attorney
Oklahoma State Bar No. 0117821

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)

**ATTORNEYS FOR PLAINTIFF**

**COMPLAINT**                                                                 5

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOEL P. CLARK, Attorney, EEOC-LEGAL, 207 S. Houston, 3rd Floor, DALLAS, TX 75202 (214) 253-2743

## DEFENDANTS
SERVICE TEMPS, INC. d/b/a SMITH PERSONNEL SOLUTIONS

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

*Stamp: 3-08CV1552-D*
*Stamp: RECEIVED SEP - 3 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | [X] 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title I of ADA, 42 U.S.C. section 12101 and 42 U.S.C. section 12112(a).

Brief description of cause:
Defendant disciminated against Moncada violation of ADA by failing/refuse to hire because she is deaf

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/3/08   SIGNATURE OF ATTORNEY OF RECORD  /s/ Joel Clark

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____