```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY     §
COMMISSION,                      §
                                 §
               Plaintiff,         §
                                 § Civil Action No. 3:08-CV-1552-D
VS.                              §
                                 §
SERVICE TEMPS, INC., d/b/a       §
SMITH PERSONNEL SOLUTION,        §
                                 §
               Defendant.        §
```

MEMORANDUM OPINION
AND ORDER

Defendant Service Temps, Inc., d/b/a/ Smith Personnel Solution ("Smith"), moves for leave to amend its answer and file a counterclaim. For the reasons that follow, the court denies the motion.

I

To decide this motion, the court need only briefly summarize the background facts and procedural history of the case. Plaintiff Equal Employment Opportunity Commission ("EEOC") sues Smith, alleging that it discriminated against Jacquelyn Moncada ("Moncada") based on a disability (hearing). The court filed a scheduling order on December 16, 2008 that set March 1, 2009 as the deadline for filing motions for leave to amend pleadings.

The parties agreed to participate in mediation, and an EEOC trial attorney wrote an email to Smith's counsel stating that "we can conduct the mediation prior to anyone's deposition (while either party can submit paper discovery prior to the mediation, if

so desired)." D. Mot. Ex. 2.[1] The EEOC served Smith with its initial set of written discovery on February 3, 2009. The March 1, 2009 deadline for filing motions for leave to amend pleadings elapsed without Smith's having submitted any written discovery or requesting depositions. The parties participated in mediation on April 17, 2009 but did not settle the case. Smith then informed the EEOC that it intended to seek the deposition of the EEOC investigator assigned to Moncada's case, and the EEOC responded that it opposed this request.

On May 5, 2009 Smith served written discovery on the EEOC, to which the agency responded on June 4, 2009. As a part of its discovery, Smith asked whether, before the EEOC determined on December 18, 2007 that Smith had violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., the EEOC failed to disclose to Moncada that it had received from Smith a

---

[1]The court is citing the exhibit to Smith's motion because Smith did not comply with N.D. Tex. Civ. R. 7.1(i)(1) and 7.2(e) in briefing the motion. Rule 7.1(i)(1) provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-documentary evidence to support or oppose a motion must include such evidence in an appendix." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary evidence on which the party relies to support or oppose the motion." Smith did not include its documents in an appendix, and it did not cite the appendix as required. Nevertheless, because these deficiencies did not interfere with the decisional process of the court, the court has considered the documents and briefing as filed.

pre-suit letter offering to help her find employment. The EEOC admitted that this was so. Based on this admission, Smith filed on June 17, 2009 a motion for leave to file an amended answer and counterclaim, alleging that the EEOC failed to work for conciliation, and that Smith was exempt from back pay damages and entitled to attorney fees. The court denied the motion in a July 27, 2009 order based on Smith's failure to address the standard of Fed. R. Civ. P. 16(b)(4), which governed because the deadline for filing leave to amend pleadings had expired.

In its second motion, Smith now argues that it meets the good cause standard of Rule 16(b)(4). It seeks to amend its pleadings to add affirmative defenses and a counterclaim, all based on the EEOC's alleged failure to engage in good-faith conciliation efforts during its investigation. The EEOC opposes Smith's motion.

II

A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). To meet the good cause standard, the party must show that, despite its diligence, it could

not reasonably have met the scheduling order deadline. *See S&W Enters.*, 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004) (Kaplan, J.).

B

1

Smith's explanation for failing to timely move for leave to amend is that "the parties contemplated less than full discovery prior to scheduling a mediation in this case." D. Br. 2. Because of this agreement, it did not obtain the needed information until after the deadline for seeking leave to amend the pleadings.

- 4 -

Furthermore, Smith claims, the delay was exacerbated by the EEOC's refusal to allow it to depose the EEOC's investigator, necessitating Smith's resort to written discovery.  For the reasons that follow, the court finds this argument unpersuasive.

Although Smith cites evidence that it and the EEOC agreed to conduct mediation before depositions commenced, it does not cite proof that the parties agreed to defer all discovery until they completed mediation.  In fact, the parties' agreement explicitly stated that "either party can submit paper discovery prior to the mediation, if so desired."  D. Mot. Ex. 2.  The EEOC served written discovery on Smith in early February 2009, before the mediation and the deadline for seeking leave to amend pleadings.  Smith could likewise have served requests for admissions on the EEOC (including Request for Admission No. 2, on which it bases its present motion) within a time frame that would have enabled it to move for leave to amend before the deadline expired.

Smith's explanation for the delay is also undermined by the fact that Smith appears to have anticipated the EEOC's response to Request No. 2.  Smith at least had enough knowledge of the facts to submit a precisely worded request for admission to the EEOC. Furthermore, Smith's previous motion for Rule 11 sanctions against the EEOC's attorneys was grounded on very similar factual claims to its current motion: that the EEOC mismanaged its handling of the complaint against Smith.  Given that Smith knew, or reasonably

- 5 -

suspected, the relevant facts giving rise to the instant motion well in advance of the deadline, Smith could have served the necessary written discovery in time to obtain the anticipated responses and filed a motion for leave to amend by the date set in the scheduling order.[2]

Smith has thus failed to show that, "despite [its] diligence, [it] could not have reasonably met the scheduling deadline." *Am. Tourmaline Fields*, 1998 WL 874825, at *1. Smith has not offered a reasonable justification for failing to conduct written discovery that would have enabled it to develop a basis to seek leave to amend. *Compare The Richards Group, Inc. v. Brock*, 2008 WL 1722250, at *1 (N.D. Tex. Apr. 14, 2008) (Fitzwater, C.J.) (granting motion to amend pleadings where discovery was not possible until one month prior to deadline). Therefore, the first factor of the court's Rule 16(b)(4) analysis weighs strongly against granting Smith leave to modify the scheduling order so that it can seek leave to amend its pleadings.

---

[2]By questioning Smith's delay in filing its motion for leave to amend, the court does not suggest any criticism of the parties' decision to participate in mediation before taking depositions. By doing so, Smith and the EEOC deferred more expensive forms of discovery until after they pursued settlement. But this does not excuse Smith's decision to forgo other, less costly forms of discovery in advance of the court's deadline, particularly when it had reason to believe that such discovery would establish facts supporting a motion to amend the pleadings and when the parties' agreement specifically allowed such discovery.

2

As to the second factor, the court concludes that the amendment is arguably important to Smith's case. Smith seeks to amend to add new affirmative defenses and a counterclaim. If successful, these amendments could protect Smith from damages for back pay and entitle it to recover attorney's fees. The court has previously found other proposed amendments to be important where they "potentially provide additional grounds for [a party] to recover," *Mid-Continent Casualty Co. v. Eland Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), or "directly affect[] [a party's] prospects of ultimate recovery," *Richards Group*, 2008 WL 1722250, at *2. The parties dispute the "importance" factor in their briefs, primarily by arguing over whether the proposed amendments would be successful on their merits. The court declines to assess the merits of Smith's proposed amendments in the context of this motion. It is satisfied that the proposed amendments are "important" within the meaning of Rule 16(b)(4).

3

The court considers the third and fourth factors together: the potential for prejudice if the amendment is permitted, and the availability of a continuance to cure that prejudice. The court concludes that any potential prejudice to the EEOC could be remedied by the EEOC's requesting an appropriate modification of

the scheduling order. The trial in this case is scheduled for over six months from now. The deadline for conducting discovery has recently elapsed, but this could be remedied by extending the discovery period. Furthermore, it does not appear that the proposed amended pleading would implicate new factual issues requiring much additional discovery by either party. The proposed amended answer essentially alleges that the EEOC was delinquent in its investigation of the charges against Smith. As Smith points out, the evidence of the EEOC's handling of the investigation is presumably in the EEOC's possession and would not impose great burdens on the agency. The court concludes that the third and fourth factors support granting the motion for leave to amend.

4

Although three of the four factors favor granting the motion, the court assesses them holistically. It does not mechanically count the number of factors that favor each side. And it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order.

Assessing the four factors together, the court concludes that Smith has not demonstrated good cause to modify the scheduling order. Smith's failure to provide a plausible explanation for its delay, particularly given that it had reason to anticipate seeking leave to amend its pleading, outweighs the other factors in the court's analysis.

Because the court finds that Smith has not demonstrated the good cause required by Rule 16(b)(4), it does not reach the question whether Smith would meet the more lenient standards of Rule 15(a)(2).

\*   \*   \*

Because Smith has not demonstrated the good cause required by Rule 16(b)(4), the court denies Smith's August 3, 2009 second motion for leave to file amended answer and counterclaim.

**SO ORDERED.**

October 13, 2009.

                              _____
                              SIDNEY A. FITZWATER
                              CHIEF JUDGE