IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | § | |
| COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-1552-D |
| VS. | § | |
| | § | |
| SERVICE TEMPS, INC., d/b/a | § | |
| SMITH PERSONNEL SOLUTIONS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This is an employment discrimination case in which plaintiff Equal Employment Opportunity Commission ("EEOC") moves for partial summary judgment establishing that it fulfilled all conditions precedent before suing defendant Service Temps Inc., d/b/a Smith Personnel Solutions ("Smith"). Smith, in turn, moves for summary judgment on the ground that the EEOC failed to satisfy the requirement of conciliation before filing suit, or, alternatively, partial summary judgment dismissing the EEOC's claims for monetary damages. For the reasons that follow, the court grants the EEOC's motion and denies Smith's motion. Treating Smith's alternative motion as a motion under Fed. R. Civ. P. 37(c) to exclude evidence or as a motion *in limine*, the court grants the motion *in limine*.

I

The EEOC sues Smith, an employment staffing company, contending that Smith discriminated against Jacquelyn Moncada ("Moncada") based on a disability (hearing loss) by denying her

employment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*.[1]  Moncada sought to apply for a job as a warehouse worker at a company for whom Smith provided staffing services.  The parties do not dispute that Moncada was refused a job when she visited Smith's office for an interview, accompanied by a sign-language interpreter.  Instead, the main issues before the court involve the parties' actions between the time Moncada was interviewed and the EEOC filed suit, and the procedural history of this litigation.

Following Smith's denial of her request for employment, Moncada filed a charge of discrimination with the EEOC.  The EEOC sent a notice to Smith informing it of Moncada's accusations.  Shortly after it received the notice, Smith responded by letter denying any knowledge or intent to discriminate against Moncada.

---

[1]Both sides have moved for summary judgment.  As the court has stated in cases like *AMX Corp. v. Pilote Films*,

> [b]ecause both parties have filed motions for summary judgment, the court will principally recount only the evidence that is undisputed. If it is necessary to set out evidence that is contested, the court will do so favorably to the party who is the summary judgment nonmovant in the context of that evidence.  In this way it will comply with the standard that governs resolution of summary judgment motions.

*AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1 n.2 (N.D. Tex. June 5) (Fitzwater, J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)), *modified in part on other grounds*, 2007 WL 2254943 (N.D. Tex. Aug. 7, 2007) (Fitzwater, J.).

It stated that it was "more than happy to assist Ms. Moncada in her job search." D. App. 12.[2] The EEOC apparently neither responded to this letter nor notified Moncada of Smith's offer to assist in finding her a job.

The EEOC next sent an information request to Smith. After it received Smith's response, the EEOC notified Smith that it had determined that Smith discriminated against Moncada. The EEOC also provided Smith a proposed conciliation agreement that included a number of provisions, including proposed monetary penalties, based on the alleged discrimination. Smith's attorney responded with a counteroffer to the proposed monetary penalties. He also stated in his letter:

> Smith renews its offer . . . that Ms. Moncada return (with [a sign-language] interpreter as may be necessary) to reapply for any open warehouse positions. Assuming that she is otherwise qualified and desires to take any position that may be open, she will be presented to the customer to make the determination as to her ability to fill the job position with any necessary accommodations.

P. App. 94.

As with Smith's earlier offer of assistance, the EEOC neither responded to this proposal nor did it apparently inform Moncada. The EEOC did submit a second proposed conciliation agreement to

---

[2]Citations to "App." refer to the appendixes to Smith's motion for summary judgment and the EEOC's response brief to that motion, respectively.

Smith, the provisions of which included a demand for $16,000 back pay for Moncada.  Smith replied that the back-pay demand was unreasonable in light of Smith's offer to assist Moncada with finding employment, and it objected that the EEOC had failed to turn over evidentiary support for its monetary compensation demand. Smith stated that it would not address the remaining demands in the second conciliation agreement while the disparity in the parties' view of appropriate monetary damages was so great.  It concluded that, "[s]hould [the EEOC] be able to respond with calculations and justification for the amounts sought, perhaps we can proceed with the conciliation process.  Otherwise, [Smith] may have no choice but to have a trier-of-fact determine any damages to which Ms. Moncada may be entitled."  *Id.* at 112.  Finally, the EEOC sent Smith a notice of conciliation failure, and it ultimately filed suit.

The EEOC alleges in its complaint that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." P. Comp. 2.  In its answer, Smith "denies that all conditions precedent have been fulfilled."  D. Ans. 1.  There is no other reference either to conciliation or to conditions precedent.  After the deadline for seeking leave to amend pleadings had elapsed, Smith moved for leave to amend its answer to add several affirmative defenses.  Among other allegations, Smith sought leave to assert that the "EEOC's claims should be dismissed by virtue of

its failure to engage in good-faith conciliation efforts." D. June 17, 2009 Mot. Ex. 2 at 2.  The proposed amended answer would also have added a counterclaim for attorney's fees on this basis.  The court denied Smith's first motion for leave to amend due to its failure to address the standard of Rule 16(b)(4), which controlled because the deadline for filing motions for leave to amend pleadings had expired.  The court also denied Smith's second motion for leave to amend——which did address the proper standard——on the basis that Smith had failed to demonstrate good cause for the delay in amending its answer; there was therefore no reason for the court to amend its scheduling order to accommodate Smith's request.  *See EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *4 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.) ("*Smith I*").

The EEOC now moves for partial summary judgment, asking that the court declare that all conditions precedent to the filing of this suit were satisfied.  Smith moves for summary judgment on the ground that the EEOC failed to properly conciliate the dispute, and therefore did not meet all the conditions precedent to filing suit. Alternatively, Smith seeks partial summary judgment that the EEOC is barred from seeking monetary penalties due to its failure to disclose evidence that supports damages calculations.

- 5 -

II

The court turns first to Smith's motion for summary judgment and the EEOC's motion for partial summary judgment.

A

Smith maintains that the EEOC failed in its duty to conciliate by ignoring Smith's written offer during the conciliation process (to assist Moncada in her job search) and failing to inform Moncada of the offer.  Smith asserts that the EEOC did not comply with the statutory duty to "eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."  D. Br. [1][3] (quoting 42 U.S.C. § 2000e-5(b)).

The EEOC offers two primary arguments in response.  First, it asserts that Smith is procedurally barred from seeking summary judgment regarding conciliation because Smith failed to plead the requisite affirmative defense and to obtain leave to amend to assert this defense.  The EEOC posits that Smith cannot base its motion on the same grounds as it unsuccessfully tried to incorporate as an affirmative defense because to do so would "eviscerate [*Smith I*] and simply reduce it to an inconsequential ruling."  P. Br. 11.  Second, the EEOC argues that, even if Smith is not barred from raising the defense, the EEOC in fact met all

---

[3]These numbers are editorially supplied because neither Smith's motion nor its brief is paginated.

conditions precedent (including conciliation) before filing suit.[4] The EEOC essentially concedes that it neither responded to Smith's written invitation for Moncada to reapply for a position nor informed her of the offer.  But the EEOC maintains that, despite its lack of a response, it was under no obligation either to act on the offer or to inform Moncada.  It contends that only an offer of unconditional employment necessitates such a response and that Smith's invitation to reapply did not trigger this requirement.

Smith submits a three-sentence reply to the EEOC's assertion that it failed to adequately plead this defense.  It asserts that the conciliation requirement is a condition precedent to the EEOC's filing suit, and the issue is therefore properly before the court based on the general denial in Smith's answer that all conditions precedent had been met.  As to the merits of the defense, Smith maintains that the offer to assist Moncada with her employment was sufficient to trigger the EEOC's conciliation obligation, and it argues that an unconditional offer of employment is not always required.

B

Although the parties do not address Rule 9(c), the court holds that it governs Smith's motion for summary judgment and the EEOC's motion for partial summary judgment.  Rule 9(c) provides: "In

---

[4]The EEOC advances this argument in opposition to Smith's motion and in support of its own motion for partial summary judgment.

pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, *a party must do so with particularity*." (emphasis added).

It is well established that "the EEOC's conciliation requirement is a precondition to suit." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009). "The EEOC's failure to comply with its statutory duty does not, however, deprive this court of subject matter jurisdiction." *Id*. at 468. Although the Fifth Circuit at one time treated the EEOC's failure to conciliate as a jurisdictional defect, *see, e.g., EEOC v. Magnolia Electric Power Ass'n*, 635 F.2d 375, 378 (5th Cir. Unit A Jan. 1981), the Fifth Circuit in *Agro Distribution* held that conciliation is not jurisdictional but is merely a condition precedent to filing suit. *See Agro Distribution*, 555 F.3d at 469 (applying Supreme Court's holding in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). If a defendant presents evidence that the EEOC did not conciliate, the proper remedy is generally for the court to stay the proceedings while the parties pursue conciliation. *See id*. (holding that dismissal is only appropriate where the EEOC does not act in good faith). The parties do not dispute that the conciliation requirement is a condition precedent rather than a jurisdictional prerequisite.

Smith did not assert by way of affirmative defense that the

EEOC failed to conciliate this dispute.  It did, however, include allegations that could relate to such an assertion.  As discussed above, the EEOC's complaint avers that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled."  P. Comp. 2.  In its answer, Smith explicitly "denies that all conditions precedent have been fulfilled."  D. Ans. 1.  After the deadline for filing motions for leave to amend pleadings had expired, Smith sought leave to amend its answer to add several affirmative defenses, including that the "EEOC's claims should be dismissed by virtue of its failure to engage in good-faith conciliation efforts."  D. June 17, 2009 Mot. Ex. 2 at 2.  Because the court in *Smith I* denied the motion for leave to amend, the active pleading in this case is Smith's answer.

The EEOC's general allegation that all conditions precedent to filing suit have been fulfilled complies with Rule 9(c), which permits parties to "allege generally that all conditions precedent have occurred or been performed."  Rule 9(c); *see also EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 106 (5th Cir. Unit A Feb. 1981) (per curiam) ("A general averment that all conditions precedent to the institution of this lawsuit have been fulfilled is quite adequate for pleading purposes.").  Rule 9(c) requires particularity, however, when a party intends to deny that a condition precedent has been met.  "[W]hen denying that a condition precedent has occurred or been performed, a party must do so with

- 9 -

particularity." *Id.* "A party who intends to controvert the
claimant's general allegation of performance or occurrence thus is
given the burden of identifying those conditions that the denying
party believes are unfulfilled and wishes to put into issue." 5A
Charles Alan Wright & Arthur R. Miller, *Federal Practice and
Procedure* § 1304, at 330 (3d ed. 2004).

Smith did not deny "with particularity" that any specific
condition precedent had been fulfilled. Instead, it pleaded only
a general denial. Because Smith's answer is its live pleading, its
failure in the answer to deny with particularity that the EEOC
failed to fulfill the condition precedent of conciliation precludes
Smith from relying on lack of conciliation as a basis for summary
judgment.

When a party fails to specify in its operative pleading
(typically an answer to a complaint) the particular condition
precedent that has not been fulfilled, it can be precluded from
taking that position during the litigation. "[P]rovided the
complaint includes a general averment that all conditions precedent
to suit or recovery have been met, and the defendant does not deny
the satisfaction of the preconditions specifically and with
particularity . . . the defendant cannot later assert that a
condition precedent has not been met." *Walton v. Nalco Chem. Co.*,
272 F.3d 13, 21 (1st Cir. 2001) (internal quotation marks omitted);
*Am. Bankers Ins. Co. of Fla. v. Irricon*, 200 F.3d 815, at *1 (5th

Cir. 1999) (per curiam) (unpublished opinion) ("Because [defendants] failed to deny with specificity the occurrence of the supposed condition precedent . . . the issue was not properly raised in the district court, so we will not consider it."). Moreover, if "the [opposing] party does not deny the satisfaction of the conditions precedent specifically and with particularity . . . the allegations are *assumed admitted* and cannot later be attacked." *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (emphasis added) (citing *Klinger Elec. Corp.*, 636 F.2d at 107, and *EEOC v. Standard Forge & Axel Co.*, 496 F.2d 1392, 1395 (5th Cir. 1974)); *see also Walton*, 272 F.3d at 21. "[A]s many courts have held, the denying party cannot raise an issue of nonperformance or nonoccurrence of conditions precedent by a general denial . . . ." 5A Wright & Miller, *supra*, § 1304, at 331. This court has held that where "Plaintiffs have satisfied the pleading requirement and Defendants have not pleaded failure of conditions precedent with specificity and particularity, . . . there is no genuine issue of material fact as to whether Plaintiffs [satisfied the conditions precedent]." *Ayers v. Baxter*, 2001 WL 294224, at *4 (N.D. Tex. Mar. 27, 2001) (Lindsay, J.) ("Defendants' Original Answer did not plead failure to make demand/notice specifically and with particularity . . . . The issue therefore

has not been preserved for trial.").[5]

For the foregoing reasons, the court denies Smith's motion for summary judgment, and it grants the EEOC's motion for partial summary judgment.  The EEOC complied with Rule 9(c) by including the averment in its complaint that all conditions precedent had been satisfied.  Smith failed to deny this allegation with particularity, as Rule 9(c) requires, and the court must therefore assume the truth of the EEOC's assertion.  Because Smith has not preserved as a contested issue the matter of the EEOC's compliance with the condition precedent of conciliation, and because Smith is unable to amend its answer to add such a defense, the EEOC is entitled to partial summary judgment establishing that all conditions precedent to filing suit against Smith were satisfied.

---

[5]In some cases, when a party raises a claim or defense in a motion that exceeds the scope of its pleadings, the court may treat the new filing as a motion to amend the pleadings to add the un-pleaded claim or defense.  *See Siesta Village Market, LLC v. Perry*, 530 F.Supp.2d 848, 860 (N.D. Tex. 2008) (Fitzwater, C.J.) ("When a party raises arguments outside the scope of its pleadings, the court construes the arguments as an implicit motion for leave to amend."), *vacated on other grounds*, 595 F.3d 249 (5th Cir. 2010); *see also Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *5 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.).  Because the court, in *Smith I*, has already denied Smith's motion for leave to amend its answer to add the affirmative defense that underlies its instant motion for summary judgment, the court need not address the question again.

III

The court now considers Smith's alternative motion for partial summary judgment.

A

Smith maintains that the EEOC is barred from seeking monetary penalties at trial because it failed to comply with Rule 26(a)(1)(A)(iii).  Specifically, Smith contends that the EEOC has failed to provide "a computation of each category of damages" that it is claiming on Moncada's behalf, as the Rule requires.  Smith asserts that, because the EEOC did not produce this information, it is precluded under Rule 37(c) from using the information in a hearing or at trial.

The EEOC responds that it was unaware that Smith sought more specific information.  It cites the monetary sums that were included in the two conciliation proposals as evidence available to Smith, and it relies on information apparently shared during an unsuccessful mediation.  The EEOC asserts that, although it did not know that Smith sought more information about how the proposed monetary compensation was calculated, it produced to Smith all documents in its possession after Smith filed its motion for partial summary judgment.  The EEOC argues that Smith has not identified any deficiency in the submitted information.

B

The court must decide as a threshold matter whether Smith's alternative motion is properly considered a motion for partial summary judgment or another type of motion.

Although labeled a summary judgment motion, it rests first on the assertion that the EEOC failed to comply with its initial disclosure requirements under Rule 26. Smith then advances the broader proposition that, not only did the EEOC fail to provide damages computations, "[the] EEOC has wholly failed to provide *any evidence of damages* or computation supporting any claims for monetary damages." D. Br. [3] (emphasis added). Smith argues that Rule 37 prohibits such undisclosed evidence from being used at trial or a hearing——a potential sanction for violations of Rule 26 disclosure requirements. But Smith ultimately contends that, because Rule 37 prohibits the damages evidence from being used, the EEOC cannot recover on claims for monetary damages and thus Smith is entitled to summary judgment.[6]

The court disagrees with Smith's suggestion that the EEOC's failure to comply with Rule 26 is itself sufficient to warrant summary judgment dismissing the EEOC's damages claim, or with Smith's characterization of the motion as one for partial summary judgment. The court recognizes that, under Rule 37(c), "[i]f a

_____

[6]Smith relies on Rules 26 and 37. They are the only authorities cited in its one-paragraph brief in support of the motion.

party fails to provide information . . . as required by Rule 26(a) . . ., the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To obtain summary judgment on this basis, however, Smith would be required to establish a right to relief under Rule 37(c) and, having secured that remedy, then point to the absence of evidence to support a claim that depends for its viability on evidence that the EEOC can no longer use.[7] But as the court will now explain, the failure to disclose (and thus the absence of evidence of) the amount of damages does not entitle Smith to complete dismissal of the EEOC's damages claim.[8]

---

[7]A party who will not have the burden of proof at trial on a particular claim can meet its summary judgment obligation by pointing the court to the absence of evidence to support the EEOC's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the nonmovant must go beyond its pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The failure of the nonmovant to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden. *See Little*, 37 F.3d at 1076.

[8]The court also recognizes that, under Rule 37(c)(1)(C), the court can enter other forms of sanctions that have the same functional effect as granting summary judgment. *See, e.g.,* Rule 37(b)(2)(A)(v) (enabling court as sanction to dismiss the proceeding in part). Such a sanction, however—whether under Rule 37(b)(2)(A)(v) or another subpart—is not a "summary judgment"

In *EEOC v. General Motors Corp.*, 2009 WL 910812 (S.D. Miss. Apr. 1, 2009), the court granted a defendant's motion *in limine* on the issue of monetary damages.  It held that when the EEOC seeks compensation for emotional-distress related compensatory damages, a disclosure of the "computation" of such damages is not inevitably required.  *Id.* at *2.  The defendant in *General Motors* argued that, because the EEOC had failed to provide a timely computation of compensatory and punitive damages, it should be barred from seeking such damages at trial.  *Id.*  The court held that the disclosure requirement was only at issue if the plaintiff intended to seek a specific amount of damages from the jury.

> [I]f the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26.  If, however, the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26 disclosure is not required.

*Id.*

In *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005) (Ramirez, J.), a judge of this court applied similar reasoning.  *Merrill* explains that "the Fifth Circuit has found that 'compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury' and 'may not be amenable to the kind of calculation disclosure contemplated

within the meaning of Rule 56, as Smith's motion seems to assume.

by Rule 26[.]'" *Id.* at 470 (quoting *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 (5th Cir. 2000)).  In *Williams* the panel rejected a challenge to a jury award of damages for emotional distress based on the plaintiff's failure to provide a damages computation.  The panel upheld the award because the plaintiff "did not seek to quantify her damages at trial with a previously undisclosed dollar value." *Williams*, 218 F.3d at 486.  *Merrill* applied *Williams*, in the context of a motion to compel discovery, to hold that the plaintiffs would not be required to disclose a computation of damages, provided they did not intend to request a specific amount of damages from the jury at trial. *See Merrill*, 227 F.R.D. at 470.

Additionally, "there is a distinction between showing the existence of damages and quantifying those damages and . . . a plaintiff need not present evidence quantifying its damages." *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 2007 WL 4410370, at *15 n.12. (N.D. Tex. Dec. 14, 2007) (Boyle, J.). The only part of Smith's brief that addresses the EEOC's evidence of the *existence* of damages rather than the mere computation of damages is this sentence: "EEOC has wholly failed to provide any evidence or computation supporting any claims for monetary damages."  D. Br. [3].  And Smith's motion addresses only the *amount or calculation* of Moncada's damages, arguing that "EEOC has failed to provide any information regarding the *amount of or calculation of* any money damages being sought."  D. Mot. [3]

- 17 -

(emphasis added).

Accordingly, the court holds that the EEOC's failure to comply with its disclosure obligations concerning the amount of Moncada's damages (as opposed to the existence of damages) does not completely preclude the EEOC from recovering damages. In this circumstance, Rule 37(c) cannot be used in combination with Rule 56 (even assuming that Smith is attempting to do so) to obtain summary judgment dismissing the damages claim. Smith is not entitled to partial summary judgment on this basis.

C

The unavailability of summary judgment, however, does not foreclose Smith from obtaining all forms of relief. As noted, Rule 37(c) provides that a party's failure to provide information required by Rule 26(a) precludes the party from using that information unless the failure was substantially justified or is harmless. The court therefore holds that Smith's motion is properly treated as a motion to exclude evidence under Rule 37(c) or as a motion *in limine*. In *General Motors*, although the court did not preclude the EEOC from seeking damages at trial, it did conclude that the failure to submit computations meant that the EEOC would "not be permitted to suggest to the jury the amount of compensatory or punitive damages that should be awarded at trial." *Gen. Motors Corp.*, 2009 WL 910812, at *3; *see also id.* at *2 (addressing motion *in limine* based on the EEOC's failure to

- 18 -

disclose damages calculations).  In *Merrill* the court cautioned that, "[t]o the extent that Plaintiffs attempt to assign a specific dollar figure to their emotional distress damages at trial, Defendant may seek to exclude such evidence as provided by [Rule] 37(c)(1)."  *Merrill*, 227 F.R.D. at 470 n.2; *see also Super Future Equities*, 2007 WL 4410370, at *7 (excluding affidavit evidence that attempted to quantify previously-uncertain damage calculations).

The next question is whether Smith is entitled to exclusion of evidence or to *in limine* relief.  The EEOC's first conciliation proposal requested "$65,000 to resolve all claims for backpay, compensatory and all other damages."  P. App. 89.  Smith made a counteroffer of $5,000 based, in part, on its view that the EEOC failed to timely respond to Smith's first offer to assist Moncada in her job search, which could have mitigated her back pay damages.  The EEOC's second proposed conciliation agreement reduced the requested compensation to $55,000.  Smith stated in response that the EEOC had "provided no information explaining or justifying the $16,000 being sought for back pay, nor the $39,000 in additional damages being sought."  *Id.* at 102.  It concluded that, "[s]hould [the EEOC] be able to respond with calculations and justification for the amounts sought, perhaps we can proceed with the conciliation process."  *Id.* at 103.  It therefore appears that, at a minimum, the EEOC was on notice that Smith sought evidence regarding the calculation of monetary damages.

Moreover, Rule 26(a)(1)(A) explicitly states that the disclosures it requires are not dependent on the opposing party's requesting that information. The Rule provides that "a party must, without awaiting a discovery request, provide to the other part[y] . . . a computation of each category of damages claimed by the disclosing party." Rule 26(a)(1)(A)(iii). Thus, to the extent the EEOC was required to disclose information to Smith regarding the damages calculations, its knowledge or lack thereof about Smith's desire for the information is irrelevant. The EEOC has not offered any reason to conclude that its disclosure obligation under Rule 26(a)(1)(A)(iii) was anything other than self-operating.

The EEOC's complaint does not list a specific amount of damages sought. In its initial disclosures, the EEOC stated that it was "in the process of obtaining current wage and benefit information from Ms. Moncada." D. App. 34. The EEOC also disclosed information related to damage calculations in its responses to Smith's interrogatories. Smith requested "a description of the kind of damages, the amount sought for each kind, and . . . facts supporting the EEOC's claim that such damages are appropriate." P. App. 126. The EEOC responded that "EEOC has not determined the exact amount of compensatory damages sought on behalf of Jacquelyn Moncada, but at trial will seek the full measure of damages allowed under the [law]." *Id.* It continued: "[s]pecifically, EEOC seeks compensatory and punitive damages up to

- 20 -

the statutory limit . . . for the harm suffered by Mrs. Moncada as a result of the discrimination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial." *Id.* The EEOC also responded to Smith's interrogatory regarding punitive damages, and it stated that it was seeking such recovery based on Smith's reckless and willful discrimination.

In this case, the EEOC does not assert that it has provided any computation of Moncada's alleged damages, nor does it state any intention of doing so in the future. The court's review of the pleadings, disclosures, and discovery confirms that no such computation has been provided.[9] Because the EEOC has not satisfied its disclosure obligation, the court now determines whether it should exclude the damages evidence under Rule 37(c) or grant relief *in limine*. The court will grant *in limine* relief.

First, as have other courts, the court will permit the EEOC, without obtaining the court's permission, to seek money damages at trial, provided it does not suggest to the jury that it should award a specific sum. The EEOC has not stated an intention to

_____

[9]It may be that Smith's asserted desire for more information supporting the EEOC's damages claims has been satisfied by the additional information that the EEOC turned over to Smith after it filed its motion for partial summary judgment. The court notes that Smith has not filed a motion to compel discovery regarding the EEOC's computation of Moncada's damages. It may be that such a motion is not yet timely; the EEOC has not stated that it intends to seek specific damages at trial, and Smith may not therefore have grounds to compel discovery related to such a calculation.

request a specific damages amount at trial, but merely that it
"will seek the full measure of damages allowed under the [law]
. . . in amounts to be determined at trial." P. App. 126. As in
*General Motors*, the EEOC "will not be permitted to suggest to the
jury the amount of compensatory or punitive damages that should be
awarded at trial." *Gen. Motors Corp.*, 2009 WL 910812, at *3.
Granting relief *in limine* will enable the court to superintend
whether the EEOC is suggesting or requesting a damages award in a
specific sum, but without excluding the evidence on which the EEOC
relies (which would be more typical of Rule 37(c) rather than *in
limine* relief).

Second, under the literal terms of Rule 37(c), if the failure
to disclose information is substantially justified or is harmless,
the court must not exclude the information. By granting *in limine*
relief, the court will enable the EEOC, assuming it intends to seek
a specific damages award and suggest an amount, to make the
required showing under Rule 37(c) and to request a ruling on
admissibility. Any such request must be evaluated under the
strictures of Rule 37(c) to determine whether the EEOC's failure to
disclose the information is substantially justified or is harmless.
*See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80 (5th Cir.
2009) (analyzing motion to exclude evidence under Rules 26 and 37
under this four-part test: (1) proponent's explanation for its
failure to disclose the evidence sooner, (2) the importance of the

evidence, (3) the potential prejudice to opposing party in allowing the evidence, and (4) the availability of a continuance).  Granting *in limine* relief will enable the court to conduct this assessment; granting a Rule 37(c) motion to exclude at this pretrial stage would deprive the EEOC of an opportunity to show substantial justification or harmlessness.[10]

The court therefore grants the following *in limine* relief.  If the EEOC intends during any phase of the trial to state to the jury that Moncada is entitled to, or should be awarded, a specific amount of damages, or to present evidence in support of a specific amount of damages,[11] the EEOC must obtain a ruling outside the presence of the jury regarding the admissibility of any such statement or evidence.

\*     \*     \*

For the foregoing reasons, the EEOC's motion for partial summary judgment is granted, and Smith's motion for summary judgment is denied.  Treating Smith's alternative motion as a

---

[10]The court does not suggest that it is precluded in other cases from granting Rule 37(c) relief before trial.  It is clear from the terms of the Rule and from other incorporated parts of Rule 37 that it can do so.  Under the facts of this case, however, the court concludes that it should not make a final determination regarding an exception to exclusion under Rule 37(c) at this time.

[11]General evidence of the damages that Moncada allegedly suffered, without attributing specific amounts to such evidence or otherwise quantifying the damages in specific monetary terms, is not within the scope of the proof proscribed by this *in limine* order.

motion under Rule 37(c) to exclude evidence or as a motion *in limine*, the court grants the *in limine* relief set out above.

**SO ORDERED.**

April 22, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE