IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | Civil Action No. 3:08-CV-1552-D |
| SERVICE TEMPS, INC., d/b/a SMITH PERSONNEL SOLUTION, | § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Defendant Service Temps Inc., d/b/a Smith Personnel Solution ("Smith") moves for reconsideration of the court's memorandum opinion and order denying Smith's motion for summary judgment. *See EEOC v. Serv. Temps, Inc.*, 2010 WL 1644909 (N.D. Tex. Apr. 22, 2010) (Fitzwater, C.J.) ("*Service Temps I*"). The court denies the motion.[1]

I

Smith essentially argues that the court erred in *Service Temps I* by applying the pleading rules of Fed. R. Civ. P. 9(c) to the statutory requirement that plaintiff Equal Employment Opportunity Commission ("EEOC") pursue good faith conciliation before filing suit. *See* 42 U.S.C. § 2000e-5(b) ("[T]he Commission shall endeavor

---

[1]After this memorandum opinion and order was written, but before it was filed, the EEOC filed a June 10, 2010 response to Smith's motion. Because the court has not considered the EEOC's response for any purpose in deciding this motion, it is filing its decision without awaiting a reply brief from Smith.

to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."). Rule 9(c) permits a plaintiff to aver generally that all conditions precedent have been satisfied when pleading its case, but requires that a defendant deny "with particularity" any condition precedent that is disputed. *See Serv. Temps I*, 2010 WL 1644909, at *3.  Any condition precedent to filing suit that is not denied with particularity is deemed admitted, and it cannot be raised later in the litigation. *See Ayres v. Baxter*, 2001 WL 294224, at *4 (N.D. Tex. Mar. 27, 2001) (Lindsay, J.).   The EEOC alleged in its complaint that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled."  P. Compl. 2.  In Smith's answer, it did not plead with particularity what specific condition precedent had not been fulfilled.  It merely "denie[d] that all conditions precedent have been fulfilled," and did not mention the EEOC's duty to conciliate.  D. Ans. 1.  Smith later moved for summary judgment on the ground that the EEOC had failed to conciliate and therefore could not bring suit against Smith.[2]  The court denied Smith's motion and granted partial summary judgment in the EEOC's favor.  *Serv. Temps I*, 2010 WL 1644909, at *5.  The court reasoned that the EEOC had complied with Rule 9(c) by including the general averment in its complaint that all conditions

---

[2]As the court explains *infra* at § II, this is a mistaken argument, even if Smith had pleaded with particularity that the EEOC failed to comply with its conciliation obligation.

precedent had been satisfied; that Smith had failed to deny this allegation with particularity, as Rule 9(c) required; and the court must therefore assume the truth of the EEOC's assertion.  Because Smith had not preserved as a contested issue the matter of the EEOC's compliance with the condition precedent of conciliation, and because Smith was unable to amend its answer to add such a defense, the EEOC was entitled to partial summary judgment establishing that all conditions precedent to filing suit against Smith were satisfied.  *Id.*

Smith argues for several reasons that it was not required to deny "with particularity" that the EEOC failed to engage in meaningful conciliations efforts as a condition precedent to filing the instant lawsuit.  Smith maintains that the court's reliance on *EEOC v. Agro Distribution, LLC,* 555 F.3d 462 (5th Cir. 2009), is misplaced because that case did not state that the requirements of Rule 9(c) apply to the conciliation obligation.  Smith's argument lacks force.  The court cited *Agro Distribution* for the premises that "the EEOC's conciliation requirement is a precondition to suit," and that "conciliation is not jurisdictional but is merely a condition precedent to filing suit."  *Serv. Temps I*, 2010 WL 1644909, at *3.  Smith argues that the court erred in this respect because "nowhere in *Agro* did the Fifth Circuit employ the term 'condition precedent,' nor did the Court mention or even refer to FRCP 9(c)."  D. Mot. Recon. 3.  But this argument assumes that

- 3 -

there is some meaningful distinction between the term "condition precedent" (as used in Rule 9(c)) and "precondition" (as used in *Agro Distribution* and similar cases), and Smith does not demonstrate any.   Courts use these terms interchangeably when referring to the EEOC's conciliation requirement.[3]   Therefore, the fact that *Agro Distribution* speaks of conciliation as a "precondition" to suit rather than as a "condition precedent" is immaterial.   The terms are functionally synonymous.

Smith has also failed to provide any basis to conclude that the condition precedent or precondition of conciliation is somehow exempt from Rule 9(c)'s particularity requirement, i.e., that there are some conditions precedent that need not be denied with particularity and that the EEOC's conciliation obligation is among them.   Smith posits that "[t]here appears to be no U.S. Supreme

---

[3]*See, e.g., EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003) ("[Conciliation] is a condition precedent to the Commission's power to sue."); *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1263-64, 68 (E.D. Cal. 2009) (describing conciliation both as a "condition precedent" and as a "prerequisite" to suit); *EEOC v. Crowline Boats, Inc.*, 2005 WL 1618809, at *4 (S.D. Ill. July 5, 2005) ("[A]ppellate court cases state conciliation is a statutory duty, prerequisite to suit, or condition precedent to suit[.]"); *EEOC v. Serv. Master Co.*, 2007 WL 1828035, at *3 (N.D. Tex. June 26, 2007) (Lynn, J.) ("The EEOC has not attempted to conciliate the dispute with Service Master, and has therefore not satisfied a precondition to suit."); *EEOC v. Midwest Div.-RMC, LLC*, 2006 WL 6384881, at *3 (W.D. Mo. May 31, 2006) ("Before filing suit in federal court, the EEOC must first satisfy certain statutory preconditions [,including conciliation].")); *EEOC v. Optical Cable Corp.*, 169 F.Supp.2d 539, 543 (W.D. Va. 2001) ("[A]ttempted conciliation is a precondition to the Commission's power to sue.").

- 4 -

Court or Fifth Circuit (district or court of appeals) cases which clearly and simply hold that conciliation is a condition precedent subject to the pleading requirements of FRCP 9(c)." *Id.* at 7.  The court disagrees.  Although decisions applying Rule 9(c) in the context of EEOC conciliation are not abundant, they do exist.  In *EEOC v. Klingler Electric Corp.*, 636 F.2d 104 (5th Cir. Unit A Feb. 1981) (per curiam), the court held in the context of the EEOC conciliation requirement that "[a] general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." *Id.* at 106 (citing Rule 9(c) and *EEOC v. Standard Forge & Axle Co.*, 496 F.2d 1392 (5th Cir. 1974)).  "If there is doubt that the EEOC's general averment [of conciliation] is true, in whole or part, the opposing party may raise the issue with a specific and particular denial." *Id.* at 107 (citing *Standard Forge*, 496 F.2d at 1395).

In *EEOC v. Walker-Fischer General Agency, Inc.*, 1987 WL 17692, *2 (N.D. Tex. May 26, 1987) (Buchmeyer, J.), the EEOC argued that the defendant failed to comply with Rule 9(c).  Judge Buchmeyer concluded that the defendant had met the Rule's requirements by including in its answer "a claim that the EEOC did not 'conciliate in good faith.'" *Id.*[4]  Smith has failed to establish that a

---

[4]Courts outside the Fifth Circuit have reached similar results.  In *EEOC v. May & Co.*, 572 F. Supp. 536, 541 (N.D. Ga. 1983), the court held that Rule 9(c) applied to the conciliation requirement, and therefore "the burden of identifying those conditions which are believed to be unfulfilled and which are

- 5 -

defendant who maintains that the EEOC has failed to satisfy the conciliation condition precedent or precondition need not plead that failure with particularity.

Smith also argues that, even if the court correctly relied on *Agro Distribution*, and Rule 9(c) applies to the conciliation requirement, Smith should be permitted to amend its answer to add such a pleading.  It argues that *Agro Distribution* was issued after Smith filed its answer, and thus "equity" supports permitting such an amendment.  This argument is misplaced because it appears to assume that, before *Agro Distribution* was decided, it was unclear that Rule 9(c) required that a defendant deny the conciliation precondition with particularity.  But *Agro Distribution* did not announce a new rule in this respect; this requirement was already well established in this circuit.  *Agro Distribution* resolved a different question: whether the EEOC's failure to conciliate deprived the court of subject matter jurisdiction.  *See Agro Distribution*, 555 F.3d at 468.  Smith has not identified any case, and the court has found none, that stands for the principle that the conciliation requirement is not a condition precedent, or that it is otherwise exempt from the application of Rule 9(c).  The Fifth Circuit did not create new law when it held in *Agro Distribution* that conciliation is a precondition to suit by the

sought to be put in issue is on the defendant." *See also EEOC v. Otto*, 1976 WL 610, at *11 (D. Md. Feb. 20, 1976); *EEOC v. Cont'l Oil Co.*, 393 F. Supp. 167, 171 (D. Colo. 1975).

EEOC.   That case, and the earlier circuit and district court opinions from the Fifth Circuit, plainly demonstrate that conciliation is a condition precedent to suit, and that to preserve the issue, Rule 9(c) requires that a defendant deny with particularity that it has been fulfilled.

## II

Although the following discussion is unnecessary to reject Smith's motion for reconsideration, the court notes that Smith appears to misunderstand the substantive significance of the EEOC's alleged failure to conciliate.   Smith seems to assume that conciliation is an element of the EEOC's prima facie case, and that, if Smith can establish that the EEOC did not pursue good faith conciliation before filing suit, Smith is entitled to dismissal of this case.   Smith also appears to assume that the issue of conciliation is to be presented to the jury as trier of fact at trial.   Neither premise is correct.[5]

Even had Smith complied with Rule 9(c) and pleaded with particularity that the EEOC failed to conciliate, and had the court concluded that the EEOC did not satisfy its obligation to adequately conciliate, this would almost inevitably result in *staying* this case, not *dismissing* it.   *See Agro Distribution*, 555 F.3d at 469 (holding that dismissal is only appropriate where EEOC

---

[5]Consequently, Smith would not be entitled to summary judgment dismissing this case based on the EEOC's failure to pursue good faith conciliation before filing suit.

acts in bad faith); *EEOC v. Serv. Master Co.*, 2007 WL 1828035, at *3 (N.D. Tex. June 26, 2007) (Lynn, J.) (issuing stay where EEOC failed to conciliate with defendant). "[T]he sanction of dismissal" is available only when the question of conciliation is properly raised by a defendant and the court finds that the EEOC acted in bad faith, thus warranting severe sanctions. *See EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1261 (11th Cir. 2003). Dismissal is an available sanction for bad faith behavior by the EEOC, *see Agro Distribution*, 555 F.3d at 469, but failure to conciliate does not act as a substantive defense to the merits of an EEOC discrimination claim. Nor is conciliation an element of the EEOC's cause of action. "[A] lack of reasonable conciliation is not an affirmative defense to liability but a condition precedent to prosecuting the action——the remedy for a violation is a stay of the case until conciliation efforts are completed, not dismissal of the case." *EEOC v. Burlington N.*, 2008 WL 4845308, at *2 n.6 (W.D. Okla. June 23, 2008).

Thus the question of conciliation does not present an issue for the trier of fact. The court is aware of no support in this circuit or elsewhere for Smith's apparent belief that a jury should determine whether the EEOC satisfied the conciliation precondition to filing suit. Rather, this is a preliminary question for the court. *Cf. Wyatt v. Everson*, 2009 WL 1312080, at *3 (D. Ariz. May 12, 2009) (holding in context of Title VII claim brought by federal

employee that question whether plaintiff had exhausted administrative remedies was question of law). Treating the conciliation precondition as a question for the court is consistent with the Rule 9(c) regimen. The EEOC is merely required to aver generally that conditions precedent have been satisfied, and this averment is assumed admitted if the defendant does not deny it with particularity. Statutory preconditions such as conciliation are obviously not elements of the EEOC's cause of action.

Accordingly, Smith's inability to raise lack of conciliation at this time is, in effect, of little significance to the merits of this lawsuit. Even had Smith complied with Rule 9(c) and the court had determined that the EEOC failed to pursue good faith conciliation before filing suit, the court would at most have stayed the case until the parties engaged in adequate good faith conciliation. Assuming that conciliation was unsuccessful, the case would stand where it is now. Smith will not be allowed to defend this case at trial on the basis that the EEOC did not pursue good faith conciliation.[6] This is not an issue for the jury to decide as trier of fact. Smith's failure to deny with particularity that the EEOC pursued good faith conciliation before

---

[6]Smith will, of course, be able to present evidence of its communications with the EEOC if such proof is relevant under Fed. R. Evid. 401. For example, Smith may be able to argue that its responses to the letters from the EEOC and offer to assist the charging party in finding employment demonstrate that it did not act with discriminatory intent. But this evidence will not be admitted regarding the question of conciliation *per se*.

filing suit has in effect resulted in nothing more than its relinquishing a potential right to stay the case while the parties conciliated.

                              *      *      *

Smith's May 26, 2010 motion for reconsideration is denied.

**SO ORDERED.**

June 11, 2010.

                                          _____
                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE

                                   – 10 –