IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY §
COMMISSION, §
 §
            Plaintiff, §
 § Civil Action No. 3:08-CV-1552-D
VS. §
 §
SERVICE TEMPS, INC., d/b/a §
SMITH PERSONNEL SOLUTION, §
 §
            Defendant. §

MEMORANDUM OPINION
AND ORDER

The instant motion to set amount of supersedeas bond presents the question whether this determination is governed by Texas law or by this court's local rule. Concluding that it is controlled by local rule, the court denies the motion.

I

Following the entry of an amended judgment in favor of plaintiff Equal Employment Opportunity Commission ("EEOC"), defendant Service Temps Inc., d/b/a Smith Personnel Solution ("Smith") moves the court under Texas law and Fed. R. Civ. P. 62(f) to set a supersedeas bond in an amount that covers actual damages and pre- and post-judgment interest, but not punitive damages. The EEOC sued Smith for violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* In an amended judgment following the EEOC's acceptance of a remittitur, the court awarded backpay, compensatory damages, and punitive damages. Smith has appealed the amended judgment and requests the court to set the

amount of the supersedeas bond based on Texas law. The EEOC opposes the motion, arguing that only N.D. Tex. Civ. R. 62.1 applies, and that the court should not deviate from the Rule absent an objective showing of reasons to do so.

II

Rule 62(f) provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." The Rule makes clear that, before this court looks to Texas law governing stays of execution, it must first determine that Texas considers a judgment to be a lien on the judgment debtor's property. If a judgment is a lien under Texas law, the court must grant the same stay that a Texas court would give. If Texas law applies, Smith would only need to post security in the amount of compensatory damages, interest for the estimated duration of the appeal, and costs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a) (West 2008) (requiring amount of security to equal sum of compensatory damages, interest, and costs, subject to certain caps in subsection (b) not shown to be applicable here). If a judgment is not a lien under Texas law, however, Rule 62(f) does not apply, and the court does not follow Texas law. And when Rule 62(f) does not apply, Rule 62(d) and N.D. Tex. Civ. R. 62.1 control. *See* Rule 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond, [except in

circumstances not applicable here.]"); N.D. Tex. Civ. R. 62.1 ("Unless otherwise ordered by the presiding judge, a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs."); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990) (interpreting Rule 62(d) as the "general rule," with limited exceptions for when the losing party objectively demonstrates an ability to facilely respond to a money judgment and remain solvent or when the prevailing party seeks to correct the decree on appeal).[1] Therefore, the resolution of this motion turns on the narrow question whether the amended judgment "is a lien on the judgment debtor's property" under Texas law.

---

[1]Although if Rule 62(d) and N.D. Tex. Civ. R. 62.1 control, the court has the power to depart from them, it will not do so unless the moving party "objectively demonstrate[s] the reasons" for a departure from the "usual requirement of a full security supersedeas bond." *See Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (noting that predecessor to Rule 62(d) required that bond reflect whole amount of judgment, costs on appeal, interest, and damages for delay, and that the current rule, although less precise, has still been read consistently with the old rule requiring full amount); *see also Bollore, S.A. v. Import Warehouse, Inc.*, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004) (Kaplan, J.) (noting several factors as relevant when deciding to waive bond requirement, including complexity of collection process, amount of time required to obtain a judgment, availability of funds to pay judgment, obviousness of debtor's ability to pay judgment, and effect of posting of bond on other creditors (citing *Wykle v. City of New Orleans*, 1997 WL 266615, at *4 (E.D. La. May 20, 1997)). Because Smith has made no attempt to argue that a departure is necessary, the court need not consider whether an exception to Rule 62(d) or to N.D. Tex. Civ. R. 62.1 applies.

III

Under Tex. Prop. Code Ann. § 52.001 (West Supp. 2010), a judgment becomes a lien under the following circumstances:

> Except as provided by Section 52.0011 or 52.0012, a first or subsequent abstract of judgment, when it is recorded and indexed in accordance with this chapter, if the judgment is not then dormant, constitutes a lien on and attaches to any real property of the defendant, other than real property exempt from seizure or forced sale under Chapter 41, the Texas Constitution, or any other law, that is located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing.

Under § 52.001, a judgment does not of itself constitute a lien until an abstract is recorded and indexed. Tex. Prop. Code Ann. § 52.003(a) (West 2007) requires that the filed abstract meet certain formal requirements (e.g., include the names of the parties, certain identifying information about the defendant, and certain information identifying the judgment at issue and the amounts due). Moreover, § 52.001 explicitly contemplates two exceptions when a judgment does not constitute a lien. One exception is found in Tex. Prop. Code Ann. § 52.0011 (West 2007), which specifies in § 52.0011(a) that filing an abstract does not constitute a lien when:

> (1) the defendant has posted security as provided by law or is excused by law from posting security; and
>
> (2) the court finds that the creation of the lien would not substantially increase the degree to which a judgment creditor's recovery under the judgment would be secured when balanced against the costs to the defendant after the exhaustion of all appellate remedies.

The other exception is found in Tex. Prop. Code Ann. § 52.0012 (West Supp. 2010), which provides, with certain exceptions, for the release of a judgment lien when a judgment debtor files an affidavit stating that the real property being claimed by the recorded judgment lien is the judgment debtor's homestead. *See* § 52.0012(b), (c), and (f).

The Fifth Circuit has yet to determine whether a judgment rendered by a federal court located in Texas is a lien on a judgment debtor's property within the meaning of Rule 62(f). *See El Paso Independent School District v. Richard R.*, 599 F.Supp.2d 759, 763 (W.D. Tex. 2008) ("*El Paso ISD*") ("The Fifth Circuit has not considered whether a Texas judgment is a lien on the judgment debtor's property such that Rule 62(f) applies and state law controls stays of execution, though it has considered the issue under the laws of other states." (citing cases)), *vacated in part on other grounds*, 591 F.3d 417 (5th Cir. 2009). One Fifth Circuit panel, however, has considered Rule 62(f)'s applicability to federal courts sitting in Louisiana. *See Castillo v. Montelepre,*

*Inc.*, 999 F.2d 931, 941-42 (5th Cir. 1993).[2] In *Castillo* the panel reasoned that Rule 62(f) and its purpose of providing federal litigants what they would otherwise receive in their state forum are "qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors." *Id.* at 942. The panel stated that "[t]he purpose behind this requirement is . . . plain: judgment creditors must be afforded security while judgment debtors appeal." *Id*. Based on this reasoning, the panel concluded that the provisions in Louisiana law afforded sufficient security to judgment creditors so as to satisfy the purpose behind the Rule 62(f) "judgment as a lien" requirement, because, in Louisiana, the act of filing a judgment with the recorder of mortgages establishes by law a judicial mortgage that burdens certain real property or immovable property interests. *Id*. at 942 & n.10 (citing La. Civ. Code arts. 3284, 3286, 3299, 3300, and 3302).

The determination of how Rule 62(f) operates with respect to a federal court located in Texas has only been addressed by district courts, and they have drawn different conclusions. In

---

[2]In three of the Fifth Circuit cases concerning Rule 62(f), *Harvey v. Baton Rouge Marine Contractors*, 2009 WL 166802, at *1 (5th Cir. Jan. 26, 2009) (per curiam); *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 801 (5th Cir. 2003); *State Bank & Trust Co. of Golden Meadow v. "D.J. Griffin" Boat*, 926 F.2d 449, 450 (5th Cir. 1991), the panels did not reach the question, because the parties did not dispute that the district court's judgment did not create a lien on the losing party's property under (as applicable) Louisiana or Mississippi law.

*Umbrella Bank, FSB v. Jamison*, 341 B.R. 835, 842 (W.D. Tex. 2006), a judge in the Western District of Texas noted that the Louisiana process for procuring a judgment lien by registration in *Castillo* was similar enough to the Texas process to conclude that "the ministerial act of recording an abstract of judgment in a Texas county suffices to satisfy Rule 62(f)'s requirement that 'a judgment is a lien upon property of the judgment debtor.'" *Id*. The judge in *Jamison* was also persuaded by his conclusion that the Texas Legislature had manifested a desire to afford judgment debtors in Texas the ability to suspend execution of a money judgment by posting a supersedeas amount that excluded any punitive or exemplary damages, noting that *Castillo* requires that "great deference must be given to the manifest desire of the [state] legislature." *Id*. (alteration in original; internal quotation marks omitted) (quoting *Castillo*, 999 F.3d at 942). In *Euromed, Inc. v. Gaylor*, 1999 WL 46224, at *1 (N.D. Tex. Jan. 22, 1999) (Sanders, J.), a member of this court made a statement that is consistent with the conclusion in *Jamison*. Judge Sanders stated that, "[u]nder Texas law, a properly recorded judgment does constitute a lien on the real property of the judgment debtor." *Id.* (citing Tex. Prop. Code Ann. § 52.001).

But another judge of the Western District of Texas has taken a different position. In *El Paso ISD* the court expressly disagreed with *Jamison* and *Euromed*, distinguishing between Louisiana law,

which only requires filing a judgment to create a lien, *see El Paso ISD*, 599 F.Supp.2d at 764 (citing La. Civ. Code art. 3300), and Texas law, which requires the filing of an abstract that complies with additional requirements, *see id.* (citing Tex. Prop. Code Ann. § 52.003). *El Paso ISD* held that "[t]his difference is dispositive." *Id.* It rejected the premise that the requirement of filing a technically correct abstract is merely ministerial, noting that Texas courts have refused to recognize a lien where the submitted abstract did not conform to the requirements of § 52.003. *Id.* (citing *Wilson v. Dvorak*, 228 S.W.3d 228, 236 (Tex. App. 2007, pet. denied) (holding that it could not recognize a legally enforceable lien because abstract identified judgment debtor by maiden name rather than by married name); *Olivares v. Birdie L. Nix Trust*, 126 S.W.3d 242, 248-49 (Tex. App. 2003, pet. denied) (noting that "it is the judgment creditor's responsibility to ensure that the clerk abstracts the judgment properly," and scrutinizing abstract's mention of conflicting addresses before concluding that abstract was adequate due to other narrow, statutorily permitted alternatives to mentioning address)). The *El Paso ISD* court applied the position of Texas courts that "[s]ince a judgment lien is statutorily created, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach," *see Wilson*, 228 S.W.3d at 233, and that "[u]nder Texas law, no lien is created by the mere rendition of a judgment," *see*

*White v. FDIC*, 19 F.3d 249, 251 n.5 (5th Cir. 1994),[3] in support of its view that a judgment, by itself, is not a lien under Texas law. *El Paso ISD*, 599 F.Supp.2d at 764. The one court to have subsequently considered the conflict among the cases, *ASARCO LLC v. Americas Mining Corp.*, 419 B.R. 737 (S.D. Tex. 2009), declined to address it directly, electing to apply federal law under Rule 62(d) rather than to follow the "unblazed trail" of applying Texas law under Rule 62(f), given the court's interest in maintaining the status quo in a case that involved an unusually large monetary judgment roughly 52 times the maximum bond under Texas law. *Id.* at 744.

The court concurs with the reasoning of *El Paso ISD*. As important as it may be to accord great deference to the "manifest

---

[3]The court notes that "rendering" judgment refers to the act of making a ruling on the issue. *See, e.g.*, *Keim v. Anderson*, 943 S.W.2d 938, 942 (Tex. App. 1997, no pet.) (noting that rendition of judgment is a present act that decides on the issues, while entry of a judgment is purely ministerial) (citing *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995)). Regardless, it is clear from the context that cases such as *White*, when stating that "no lien is created by the mere *rendition* of judgment" (emphasis added), are making a broad statement that the act of rendering judgment—even assuming that it is later properly entered—is insufficient to constitute an automatic lien. This is so because the cases couple the above quotation with an observation that a judgment creditor must take further action to create a lien. *See, e.g.*, *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App. 1988, writ denied) ("[N]o lien is created by the mere rendition of a judgment." Instead, the judgment creditor must comply with the statutory mechanisms providing for the creation of judgment liens[.]" (citations omitted)); *Burton Lingo Co. v. Warren*, 45 S.W.2d 750, 752 (Tex. Civ. App. 1931, writ ref'd).

desire" of the Texas Legislature under the proper circumstances, *see Jamison*, 341 B.R. at 842 (citing *Castillo*, 999 F.3d at 942), the court cannot apply Texas law unless authorized to do so under Rule 62(f). A judgment is not automatically a lien under Texas law, and the acts of making it a lien are not merely ministerial. Unlike the Louisiana statute, which only requires a filing of the judgment with the recorder of mortgages, *see* La. Civ. Code art. 3300, the Texas statutes place greater responsibilities on the creditor to file a technically compliant abstract, and Texas courts have refused to recognize liens for failure to abide by these requirements, as detailed in § 52.003 of the Texas Property Code. *See, e.g.*, *Wilson*, 228 S.W.3d at 236; *Montes v. Scott*, 2003 WL 22249729, at *3 (Tex. App. 2003, pet. denied) (mem. op.) (per curiam); *Caruso v. Shropshire*, 954 S.W.2d 115, 117 (Tex. App. 1997, no pet.); *Allied First Nat'l Bank of Mesquite v. Jones*, 766 S.W.2d 800, 803 (Tex. App. 1988, no writ); *cf. Olivares*, 126 S.W.3d at 248 (permitting only minor deficiencies, but not omission of a statutorily required element altogether); *Murray v. Cadle Co.*, 257 S.W.3d 291, 296 (Tex. App. 2008, pet. denied) (placing burden on judgment creditor seeking to foreclose on lien to prove that statutory requirements for creating lien had been met).

Furthermore, § 52.003 of the Texas Property Code is not the only hurdle that a judgment must overcome before becoming a lien under Texas law. A judgment debtor can file a homestead affidavit

under § 52.0012(b) to obtain a release, or the judgment debtor can post security under § 52.0011(a)(1), provided a court finds that creation of a judgment lien would not "substantially increase the degree to which a judgment creditor's recovery under the judgment would be secured when balanced against the costs to the defendant after the exhaustion of all appellate remedies." Tex. Prop. Code Ann. § 52.0011(a)(2). As the court explained in *Chrysler First Financial Services Corp. v. Kimbrough, Carson & Woods*, 801 S.W.2d 213 (Tex. App. 1990, no writ), § 52.0012 "authorizes a court that renders judgment to make a finding when the court determines the benefits a judgment lien provides a judgment creditor are outweighed by the costs to the judgment debtor." *Id.* at 214 (internal quotation marks omitted). Such provisions illustrate that the Texas law on judgment liens is substantively quite different from Louisiana law, which provides for the creation of judicial mortgages upon filing. Not only do the tasks that a judgment creditor must complete to convert a judgment into a lien have substantive consequences if done improperly, the creation of a lien after judgment is not a matter solely under the judgment creditor's control. Even if a creditor complies with the technical requirements for filing an abstract, a judgment debtor may defeat the creditor's attempt to create a judgment lien on real property by simply posting a security and obtaining a court determination on the relative burdens that a judgment lien places on the parties.

Resolving whether the requirements of § 52.0011(a) are satisfied is not merely ministerial. Therefore, a judgment is not a lien under Texas law, nor are the events that must occur to effect a lien so ministerial in nature that the court can construe a judgment to be a lien within the meaning of Rule 62(f).

Finally, although Texas district courts have focused more narrowly on whether the prerequisites for turning a judgment into a lien are ministerial, the *Castillo* panel considered more broadly whether the state law afforded security to judgment creditors while judgment debtors appeal. Applying this broader scope of analysis to the Texas provisions, the court concludes that Texas law does not necessarily afford such security to judgment creditors. For example, a judgment is not a lien when the judgment debtor posts security and the requirements of § 52.0011(a) are otherwise satisfied. And as discussed in *El Paso ISD*, the risk that a judgment creditor will forfeit the ability to create a lien by its own failure to comply with § 52.003 of the Texas Property Code is a genuine possibility given Texas courts' stringent enforcement of the abstract requirements.

IV

The court concludes that Rule 62(f) does not permit the application of Texas law in determining the amount of the supersedeas bond, because a judgment is not a lien within the meaning of Rule 62(f). Because Rule 62(f) does not apply, the

court sets the amount of the supersedeas bond according to the requirements of N.D. Tex. Civ. R. 62.1. As the Rule prescribes, "a supersedeas bond staying execution of a money judgment shall be in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs." *Id.* The court previously awarded EEOC a judgment of $14,400 in backpay, prejudgment interest on the backpay award at the rate of 3.25% compounded annually from June 29, 2006 to September 22, 2010, $20,000 in compensatory damages, and $68,800 in punitive damages, plus post-judgment interest on the total at the rate of 0.26% per annum. Smith must post a supersedeas bond in this amount plus 20% of the amount to cover interest and damages for delay plus $250.00 to cover costs. Because Smith moves for approval to post a supersedeas bond for an amount that is less than what the court's local rules requires, its motion must be denied.

* * *

For the reasons explained, Smith's February 21, 2011 motion to set amount of supersedeas bond is denied.

**SO ORDERED.**

March 23, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE